**WINCHELL'S DONUT HOUSE, DIVISION OF DENNY'S, INC., Plaintiff,**

v.

**UNITED STATES DEPARTMENT OF LABOR, et al., Defendants.**

Civ. A. No. 79–0259.

United States District Court, District of Columbia.

June 17, 1980.

Thomas W. Power, Robert D. McDonald, Washington, D. C., for plaintiff.

Paul Myerson, Atty., U. S. Dept. of Labor, Washington, D. C., for defendants.

### MEMORANDUM–ORDER

GASCH, District Judge.

In this action, plaintiff challenges: 1) the constitutionality of section 16(e) of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 216(e); and 2) the application to plaintiff of Child Labor Hazardous Order No. 11 ("H.O. 11"), 29 C.F.R. § 570.62, a regulation that prohibits the employment of minors in certain hazardous occupations involved in the operation of bakery machines.

Before the Court are the parties' cross-motions for summary judgment, which are limited to the issue of the applicability of H.O. 11. Plaintiff's challenge to the constitutionality of section 16(e) was stayed pending the Supreme Court's decision in *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 100 S.Ct. 1610, 64 L.Ed.2d 182 (1980), a case presenting the identical issue. The merits of plaintiff's § 16(e) claim, consideration of which will of course be guided by the Supreme Court's recent decision in *Jerrico,* are not before the Court at this time.

Plaintiff was assessed a civil penalty in the amount of $3,100 under section 16(e) of the FLSA as a result of the employment of minors under 18 years of age at plaintiff's Wichita, Kansas retail establishment contrary to the child labor provisions of the FLSA[1] and the regulations promulgated thereunder, including H.O. 11.[2] Plaintiff filed an exception to the determination of the civil penalty assessment and a hearing was held before an administrative law judge.

The administrative law judge determined, *inter alia*, that the electric mixer utilized by plaintiff in its retail establishments to mix dough or batter for doughnuts—a Hobart A–200 mixer with dough hook or batter attachment—was a "vertical dough mixer" within the meaning of H.O. 11. The administrative law judge therefore concluded that an occupation involving the operation or cleaning of such a mixer was an occupation found by the Secretary in H.O. 11 to be particularly hazardous for the employment of minors between the ages of sixteen and eighteen. He also concluded that H.O. 11 applied to such occupations wherever performed, including in this case a restaurant or retail establishment. Accordingly, the administrative law judge held that plaintiff's employment of several minors between the ages of sixteen and eighteen in such an occupation violated H.O. 11 and constituted the employment of "oppressive child labor."[3] On the basis of that violation and others, the administrative law judge affirmed the penalty assessment of $3,100.

Plaintiff then filed this action, not as an appeal from the order of the administrative law judge, but solely as a challenge to the application of H.O. 11 to plaintiff on constitutional and statutory grounds. Plaintiff thus does not seek review of the administrative law judge's factual determinations, nor does it challenge his determination that the mixer utilized by plaintiff in its retail establishments is a "vertical dough mixer" within the purview of H.O. 11. It also does not contest the original determination by the Secretary of Labor pursuant to section 3(*l*) of the FLSA that the occupations encompassed by H.O. 11 are particularly hazardous for the employment of minors between sixteen and eighteen years of age. Finally, plaintiff does not contend that H.O. 11, as originally adopted in 1952, was promulgated other than in full compliance with the rulemaking requirements of the Administrative Procedure Act ("APA"), 5 U.S.C. § 553.

Rather, plaintiff contends only that defendant's application of H.O. 11 to employees of plaintiff's retail establishments vio-

---

1. The major portions of the federal child labor provisions appear in section 12, 29 U.S.C. § 212, which outlaws the employment in interstate commerce of "oppressive child labor", as that term is defined in 29 U.S.C. § 203(*l*) and the implementing regulations.

2. Hazardous Order No. 11, promulgated pursuant to 29 U.S.C. § 203(*l*), provides in relevant part:

The following occupations involved in the operation of power-driven bakery machines are particularly hazardous for the employment of minors between 16 and 18 years of age: 1) the occupations of operating, assisting to operate, or setting up, adjusting, repairing, oiling, or cleaning any horizontal or vertical dough mixer . . . .

29 C.F.R. § 570.62(a)(1) (1979).

3. 29 U.S.C. §§ 203(*l*), 212(c).

lates due process, the informal rulemaking requirements of the APA, and section 3(*l*) of the FLSA, 29 U.S.C. § 203(*l*). Plaintiff argues that, before applying H.O. 11 to plaintiff's retail establishments, defendant was required by due process and the APA to afford plaintiff an opportunity to comment, and was required by § 3(*l*) to make a new determination of "oppressive child labor", because those establishments were not covered by the child labor provisions of the FLSA at the time H.O. 11 was originally promulgated.[4] The Court concludes that each of these contentions is without merit.

■ H.O. 11 was issued on an occupational basis, rather than an industry basis, and applies to the occupations listed regardless of where they are performed. Neither the APA nor due process required defendant to institute new notice and comment rulemaking procedures before making a direct and logical application of existing regulations to plaintiff's particular circumstances. *See, e. g., Crown Zellerbach Corp. v. Marshall,* 441 F.Supp. 1110, 1120 (E.D.La.1977).

■ Nor can the Court conclude that such an application of H.O. 11 violates section 3(*l*) of the FLSA.[5] The Secretary, after an investigation and hearing, and in accordance with § 3(*l*), did "find and by order declare" in H.O. 11 that occupations involved in the operating or cleaning of a vertical dough mixer were particularly hazardous for the employment of minors between sixteen and eighteen years of age. As indicated above, that determination was made on an occupational basis irrespective of the industry in which the occupations were found. *Cf. Hodgson v. Cactus Craft of Arizona,* 481 F.2d 464, 467 (9th Cir. 1973) (occupations involved in the operation of

power-driven woodworking machines). Unlike other Child Labor Hazardous Orders which applied on an industry basis, e. g., H.O. 10 (occupations involving slaughtering, meat packing or processing, or rendering) (now codified at 29 C.F.R. § 570.61), H.O. 11 did not need to be specifically amended to apply to occupations in retail or service establishments. The Secretary's original determination under section 3(*l*) thus served as a sufficient basis for the application to plaintiff of H.O. 11.

Finally, plaintiff has raised nothing to suggest that the Secretary's decision to apply H.O. 11 on an occupational basis, without pursuing further rulemaking proceedings and without making a new determination under § 3(*l*), was arbitrary, capricious or an abuse of discretion.

Therefore, in accordance with the above views and in consideration of the parties' cross-motions for summary judgment, which motions are treated by the Court as motions for partial summary judgment, the memoranda in support thereof and in opposition thereto, the argument of counsel in open Court, and the entire record herein, and it appearing to the Court that there are no genuine issues of material fact, it is by the Court this 17th day of June, 1980,

ORDERED that plaintiff's motion for partial summary judgment be, and hereby is, denied; and it is further

ORDERED that defendant's motion for partial summary judgment be, and hereby is, granted; and it is further

ORDERED that plaintiff's claim with respect to the applicability of Child Labor Hazardous Order No. 11 be, and hereby is, dismissed.

---

4. The parties agree that employees of plaintiff's retail establishments first became covered by the child labor provisions of the FLSA as a result of the 1961 Amendments, Pub.L.No. 87–30, 75 Stat. 65. Those amendments greatly broadened the FLSA's application to employment in the various enterprises in which retail sales of goods and services are made. *See generally* 29 C.F.R. §§ 779.0, 779.200, 779.504 (1979).

5. Section 3(*l*), 29 U.S.C. § 203(*l*), provides in relevant part:

 "Oppressive child labor" means a condition of employment under which . . . (2) any employee between the ages of sixteen and eighteen years is employed by an employer in any occupation which the Secretary of Labor shall find and by order declare to be particularly hazardous for the employment of children between such ages or detrimental to their health or well-being . . . .